IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| MARK JUSTIN DENNY, | ) | Cause No. CV 06-59-GF-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| D'ARMON TRAHANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On August 4, 2006, Plaintiff Mark Denny moved to proceed in forma pauperis with this action for violation of his civil rights. That motion was granted in a separate Order. Denny is a federal prisoner proceeding pro se.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings *in forma pauperis* and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Denny's Allegations

Denny alleges that he was severely beaten and denied medical care by several law enforcement officers of the Rocky Boy's Indian Reservation. The incidents to which he refers allegedly occurred in July and August 2002. See Compl. (Court's doc. 1) at 5-9.

## III. Analysis

The provisions of the Federal Constitution do not constrain the authority of Indian tribes or the authority of persons who act

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

under color of tribal law.  See Talton v. Mayes, 163 U.S. 376, 382-85 (1896).  Consequently, "no action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of [federal] constitutional rights under color of tribal law."  R.J. Williams Co. v. Fort Belknap Hous. Auth., 719 F.2d 979, 982 (9th Cir. 1983).  Because actions under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), also arise only as to persons who are bound by the United States Constitution, Denny also cannot state a claim under Bivens.

Moreover, even assuming that Denny could pursue the action under state law as a matter of federal diversity jurisdiction,[1] the action is plainly barred by the statute of limitations.  Under Montana law, a personal injury action alleging assault or battery must be brought within two years.  See Mont. Code Ann. § 27-2-

---

[1] To assert diversity jurisdiction, Denny would have to show that he is not a citizen of any State of which any Defendant is a citizen.  Prisoners are generally citizens of the State where they lived before they were incarcerated. See, e.g., Smith v. Cummings, 445 F.3d 1254, 1260 (10th Cir. 2006); 15 James Wm. Moore et al., Moore's Federal Practice ¶ 102.37(8)(a) (3d ed. 1999).  Presumably, Denny was a citizen of Montana before he was arrested.  Unless he intends to remain in Colorado when he is released, he is not a citizen of that State for diversity purposes.  However, diversity jurisdiction only poses an additional obstacle to Denny that need not be resolved at this stage, because the statute of limitations precludes suit.
   Additionally, of course, there is a significant legal issue concerning Denny's ability to file an action under state law against tribal employees who acted under color of tribal law on the Reservation.  Denny would likely be required at least to exhaust his remedies in tribal court.  In any case, the statute of limitations resolves the matter.

204(3) (1993).  The action accrues when the plaintiff has reason to know of the injury, and Denny knew of his injuries on July 31, 2002, as soon as they occurred.  <u>See, e.g.</u>, <u>Cassidy v. Finley</u>, 568 P.2d 142, 144 (Mont. 1977); <u>see also</u> Compl. at 5, ¶ IV.A(1).  He did not file his Complaint until August 4, 2006, two years too late.  Unless he can suggest some legal or equitable basis for tolling the statute, the case should be dismissed with prejudice.

Based on the foregoing, the Court enters the following:

**ORDER**

Denny's pending motions for the appointment of counsel (Court's doc. 3) and for service of summons (Court's doc. 5) are MOOT.

The Court also enters the following:

**RECOMMENDATION**

Denny's Complaint should be DISMISSED WITH PREJUDICE and the docket should reflect that his filing of this action counts as one strike for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).  The Court should also certify that any appeal from the dismissal of this action would not be taken in good faith, pursuant to Fed. R. App. P. 24(a)(3).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff.  Plaintiff is advised that, pursuant to 28 U.S.C. § 636,

any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[2] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Denny must immediately inform the Court of any change in his mailing address.

DATED this 4th day of October, 2006.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

---

[2] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in Houston v. Lack, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.